## American Air Filter Company, Inc. v. Rado

*Franklin E. Kepner,* for plaintiff.
*Arnold J. Crisman,* for defendant.

MYERS, *P.J.,* August 25, 1977 — Defendant submitted to plaintiff a purchase order which contained the following language: "Sales tax to be

added on the cost of raw materials. Profit and overhead not subject to Penna. Sales Tax." Plaintiff subsequently shipped to defendant all of the equipment listed in the purchase order.

Plaintiff sent defendant an invoice showing a total charge of $23,010.53 for materials, plus sales tax of $1,150.53, or a total of $24,161.06. Defendant paid $20,000 leaving a balance of $4,161.06.

Plaintiff is unable to determine the costs of the raw materials furnished to defendant. Plaintiff maintains, however, that it did not accept the contract provision requiring defendant to pay sales tax only on raw materials.

Defendant, on the other hand, asserts that the sales tax provision was a part of the bargain between the parties. In addition, since plaintiff is unable to determine the value of the raw materials, defendant contends that it need not pay any sales tax at all.

The parties stipulated as to all the relevant facts, and presented the case to the court for an opinion in the nature of a special verdict or "case stated." No hearing was held or required.

This case presents a somewhat complex question of contract law, coupled with important policy considerations. After carefully reviewing the stipulated facts and the applicable statutory and case law, we conclude that plaintiff is entitled to prevail, but only in the amount of $3,010.53.

Under traditional concepts of contract law, manifestation of assent to a bargain may be made either in writing, or orally, or by conduct of the parties: Restatement, Contracts, §§21, 63; 1 Williston on Contracts §64 et seq. (3d ed. 1957). In the instant case, plaintiff did not explicitly accept the sales tax clause either orally or in writing, but he nonethe-

less clearly manifested his assent by conduct, since he shipped the goods ordered by defendant.

Plaintiff did not qualify or condition his acceptance of the order. Therefore, as part of the bargain, the parties agreed that defendant would be requested to pay sales tax only on the costs of raw material.

Nonetheless, the Tax Act of 1963 for Education, Act of May 29, 1963, P.L. 49, 72 P.S. §3403-1 et seq., clearly requires that sales tax be paid on the full amount of the order, not just on the cost of raw materials: 72 P.S. §3403(f)(1); 72 P.S. §3403-201(a). Under 72 P.S. §3403-203, certain types of sales are fully or partly tax exempt; but none of these exclusions is applicable to the instant transaction.

Ordinarily, sales tax is paid by the buyer. According to 72 P.S. §3403-201(a), the tax ". . . shall be collected by the vendor from the purchaser." In our view, however, it is not necessarily illegal for the parties to a sale to agree that the seller will pay all, or part of, the applicable sales tax, so long as the proper amount of tax is ultimately remitted to the Commonwealth by the seller.

In the instant case, the parties agreed that defendant would pay sales tax on "the cost of raw materials." Since sales tax is in fact due on the total sale, plaintiff is liable for the remainder of the tax due. This bargain is legal, and should be enforced.

Even if the instant bargain were technically illegal, the illegality would be slight, and would not involve serious moral turpitude. Under such circumstances the bargain would still be enforceable: Restatement, Contracts, §§598, 600.

Accordingly, under the terms of the bargain between the parties, plaintiff is entitled to recover

from defendant only the sales tax due on the cost of raw materials. However, since plaintff admits that it cannot determine the cost of raw materials, and since plaintiff of course has the burden of proof in the instant proceeding, plaintiff cannot recover any of the tax due.

Plaintiff is, of course, entitled to a judgment of $3,010.53, the difference between: (1) the $20,000 paid by defendant; and (2) the $23,010.53 before tax charge for the materials which were ordered.

## ORDER

And now, August 25, 1977, upon consideration of the case stated, we find a verdict in favor of plaintiff and against defendant in the sum of $3,010.53.